IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOCENT E. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 17-1860-GMS |
| | ) |
| OFFICER DIAZ, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Innocent E. Rogers ("Rogers"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging unlawful conditions of confinement. (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Rogers, a pretrial detainee, alleges that the defendant Officer Diaz ("Diaz") denied him chow on four different occasions in violation of the Eighth Amendment of the United States Constitution. Rogers has also named Warden G. R. Johnson ("Johnson") as a defendant. Rogers states that he has problems with high blood pressure, must take medication, and must eat. He alleges he was deprived of a basic human need which is aggravated by his high blood pressure.

The first instance occurred on April 20, 2017. When Rogers arrived for chow, Diaz told him that a piece of his T-shirt was hanging out of his pants. Diaz denied him chow. The second instance occurred on May 12, 2017, when Rogers and his cellmate arrived for chow a second or two late, "but not outrageously late." Rogers was denied chow. The third instance occurred on

June 4, 2017, when Rogers walked out for chow without his ID. Rogers had not noticed it had fallen because the clip which secured it was broken. When Diaz asked Rogers for his ID, Rogers explained it was broken, and Diaz denied Rogers chow. The last instance occurred on October 19, 2017, when Rogers was "a second late" for chow. Plaintiff did not hear Diaz call his side for chow. Rogers seeks compensatory and punitive damages.

## II.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Rogers proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Rogers leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Rogers alleges the defendants violated his constitutional rights. Because Rogers was a pretrial detainee at the relevant time, the Fourteenth Amendment's Due Process Clause governs his claims as opposed to the Eighth Amendment, which applies to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("*Hubbard I*"); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The Due Process Clause prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law. *Bell*, 441 U.S. at 535-37; *Hubbard I*, 399 F.3d at 164-65.

To determine whether conditions of confinement amount to "punishment", courts "ask, first, whether any legitimate purposes are served by the[ ] conditions, and second, whether the[ ] conditions are rationally related to these purposes." *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*") (citing *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983)). As to the first inquiry, the facts as alleged are that on each of the four occasions Each time, Rogers was denied chow after he disobeyed a prison rule. It is well-established that prison administrators are accorded wide-ranging deference in the adoption and execution of

policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

As to the second prong (whether these conditions are rationally related to their purpose), the court considers whether the conditions caused Rogers to "endure such genuine privations and hardship over an extended period of time," that they became "excessive in relation to the purposes assigned to them." *Hubbard I* 538 F.3d at 233 (citing *Union Cnty.*, 713 F.2d at 992 (in turn quoting *Bell*, 441 U.S. at 542 (alterations & quotations omitted)). The "excessiveness" analysis requires courts to consider the totality of the circumstance. *Id.* The allegations are Rogers was not allowed chow on four discrete occasions over a six month period after Rogers, by his own admission, did not obey prison rules. As alleged, it cannot be said that the acts of Diaz resulted in excessive conditions in light of the totality of the circumstances. The claims against Diaz are frivolous and will be dismissed.

Further, all claims against Johnson will be dismissed. There are no claims against Johnson other than to refer to his position as warden. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Under the liberal notice pleading standard of Rule 8(a), Rogers' complaint fails to allege facts that, if proven, would show personal involvement by Johnson. The claims against Johnson are frivolous and will be dismissed.

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court finds amendment futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

April 3, 2018
Wilmington, Delaware